**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Hood,<br><br>                Plaintiff,<br><br>v.<br><br>Joe Arpaio,<br><br>                Defendant. | No. CV 05-3263 PHX SMM (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to file a change of address and to prosecute this action.

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2005, complaining about the conditions at the Durango Jail in Phoenix, Arizona. By Order dated January 31, 2006, the Clerk of Court was ordered to send a service packet to the Plaintiff [Docket No. 4]. In the Order, Plaintiff was directed to return the service packet by and was also warned that if he did not inform the Court of any address change his case would be subject to dismissal. On February 6, 2006, the Order and service packet were returned as undeliverable because Plaintiff was no longer in custody [Docket No. 5]. As of the date of this order, Plaintiff has not informed the Court of his current address. Plaintiff has failed to pursue the prosecution of his case and he is in violation of

Judge McNamee's order. Therefore, dismissal of this action with prejudice is appropriate. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 855, 858-59 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on the merits).

**Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **dismissing** this matter with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-3263-PHX-SMM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 4th day of April, 2006.

Jacqueline Marshall
United States Magistrate Judge